NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARILYN E. CROCKER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-8231 (ES) |
| COMMISSIONER OF SOCIAL SECURITY, | : OPINION |
| Defendant. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Marilyn E. Crocker's ("Plaintiff" or "Ms. Crocker") appeal seeking review of Administrative Law Judge Barbara Dunn's (the "ALJ" or "ALJ Dunn") decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), respectively. The Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Having considered the submissions in support of and in opposition to the present appeal, as well as the administrative record, the Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

**I.   BACKGROUND**

On September 21, 2012, Plaintiff applied for DIB, alleging disability beginning June 17, 2009. (D.E. No. 4, Administrative Record ("Tr.") at 11). Plaintiff also filed an application for SSI on September 28, 2012. (*Id.*). These claims were denied initially on March 14, 2013, and again

upon reconsideration on May 20, 2013. (*Id.*). On June 7, 2013, Plaintiff filed a request for a hearing, which was held before ALJ Dunn on June 10, 2014. (*Id.*).

At the hearing, Plaintiff reiterated her claims of a disability, alleging that because of a disc herniation, standing and sitting for extended periods of time caused her to experience pain in her legs and back. (*Id.* at 32). She also complained of daily pain and swelling in her left knee. (*Id.* at 40). Plaintiff's medical history indicates that she suffered from (among other things) lumbar herniation, lumbar degenerative disc disease, lumbar radiculopathy, osteoarthritis, and obesity. (*Id.* at 13).

On August 6, 2014, ALJ Dunn denied Plaintiff's application, finding Plaintiff's statements concerning the "intensity, persistence and limiting effects of these symptoms . . . not entirely credible." (*Id.* at 16). ALJ Dunn also noted that despite Plaintiff's numerous limitations, she has received only "minimal, intermittent care, takes only over-the-counter medications and remains able to walk without an assistive device." (*Id.*). The ALJ accorded great weight to the state agency physicians, noting that their findings were consistent with the objective medical records. (*Id.* at 18). On August 19, 2014, Plaintiff requested an Appeals Council review, but that was denied on September 21, 2015. (*Id.* at 1, 6).

On November 23, 2015, Plaintiff appealed the Commissioner's decision by filing a Complaint in this Court. (*See* D.E. No. 1). The Court received the administrative record on April 25, 2016. (*See* Tr.). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 12, Brief Pursuant to Local Rule 9.1 ("Pl. Mov. Br."); D.E. No. 13, Brief of Defendant Pursuant to Local Civil Rule 9.1 filed on September 9, 2016 ("Def. Opp. Br."); D.E. No. 14, Plaintiff's Reply Brief ("Pl. Reply Br.")). The matter is now ripe for resolution.

## II. LEGAL STANDARD

### A. Standard for Awarding Benefits

To be eligible for Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act, a claimant must establish that she is disabled as defined by the Act. *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI). A claimant seeking DIB must also satisfy the insured status requirements set forth in § 423(c). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). If at any point in the sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the inquiry ends. *Id.* The burden rests on the claimant to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[1] At step five, the burden shifts to the Commissioner. *Id.*

***Step One.*** At step one, the claimant must demonstrate that she is not engaging in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. *Id.* §§ 416.972(a), (b). If an individual engages in substantial gainful activity, she is not disabled under the regulation,

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

regardless of the severity of her impairment or other factors such as age, education, and work experience. *Id*. § 404.1520(b). If the claimant demonstrates she is not engaging in substantial gainful activity, the analysis proceeds to the second step.

*Step Two.* At step two, the claimant must demonstrate that her medically determinable impairment or the combination of impairments is "severe." *Id.* § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

*Step Three.* At step three, the ALJ must assess the medical evidence and determine whether the claimant's impairment or combination of impairments meet or medically equal an impairment listed in the Social Security Regulations's "Listings of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Upon a finding that the claimant meets or medically equals a listing, the claimant is presumed to be disabled and is automatically entitled to benefits. *Id.* § 416.920(d).

When evaluating medical evidence in step three, an ALJ must give controlling weight to, and adopt the medical opinion of, a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." *Id.* §§ 404.1527(c)(2), 416.927(c)(2). Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence [i.e., it does not have to be consistent with all the other evidence] so long as there is no other substantial evidence that contradicts or conflicts with the opinion." *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006). Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be

4

entitled to deference "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If there is conflicting medical evidence, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Id.*

***Step Four.*** If a claimant is not found to be disabled at step three, the analysis continues to step four, in which the ALJ determines whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant lacks the RFC to perform any work she has done in the past, the analysis proceeds.

***Step Five.*** In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on her RFC and vocational factors. *Id.* § 404.1520(a)(4)(v).

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally

warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### III. ALJ DUNN'S DECISION

ALJ Dunn applied the five-step disability evaluation process required by 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) and determined that Plaintiff was not disabled under the Act. (Tr. at 13-19). The ALJ also found that Plaintiff met the insured status requirements of the Act through June 30, 2015. (*Id.* at 13).

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 17, 2009, the alleged onset date of her disability. (*Id.*).

At step two, the ALJ determined that Plaintiff had the following severe impairments: lumbar herniation, lumbar degenerative disc disease, lumbar radiculopathy, osteoarthritis in her

left knee, status-post left knee arthroscopy, obesity, and degenerative joint disease in her left knee. (*Id.*).

At step three, ALJ Dunn found that Plaintiff did not have an "impairment or combination of impairments that m[et] or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 14). The ALJ considered Listing 1.02 and found that Plaintiff did not suffer from any major dysfunction of a joint characterized by "gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s)." (*Id.*). Specifically, ALJ Dunn considered whether the ailment affecting Plaintiff's "major peripheral weight-bearing joint" resulted in an inability to ambulate effectively as required by Listing 1.02, but found that Plaintiff's ability to ambulate was not sufficiently impaired to qualify under the listing. (*Id.*).

Next, the ALJ considered Listing 1.04, but found that there was no evidence of nerve root compression, spinal arachnoiditis, spinal stenosis, or inability to ambulate effectively as required to meet Listing 1.04 for disorders of the spine. (*Id.* at 15). Finally, the ALJ noted that although Plaintiff's obesity was considered jointly with her other impairments, Plaintiff did not satisfy the requirements of any applicable listings. (*Id.*).

At step four, the ALJ determined that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). (*Id.*). The ALJ noted that, beyond the requirements of sedentary work, Plaintiff could also (i) "lift/carry 20 pounds occasionally, 10 pounds frequently, stand/walk 4 hours in a workday and sit 6 hours in a workday"; and (ii) "occasionally climb ramps/stairs, as well as ladders/ropes/scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl." (*Id.*).

7

At step five, the ALJ concluded that, based on Plaintiff's RFC, past relevant work as a data entry clerk, and the vocational expert's testimony, Plaintiff can work as a data entry clerk as it is actually and generally performed.  (*Id.* at 19).  Accordingly, ALJ Dunn found that Plaintiff was not disabled, as defined in the Act, and Plaintiff was therefore ineligible for disability benefits. (*Id.*).

## IV.  DISCUSSION

On appeal, Plaintiff argues that ALJ Dunn's decision cannot stand because the ALJ (i) failed to adequately develop the record and thus had no adequate basis to quantify the degree of Plaintiff's physical limitations; and (ii) disregarded medical evidence supporting Plaintiff's subjective complaints and failed to consider Plaintiff's nearly forty-year work record when assessing her credibility.  (Pl. Mov. Br. at 9-15).  Plaintiff asks the Court to remand this case for a new hearing and decision.  (*Id.* at 15).  For the reasons stated below, the Court rejects Plaintiff's contentions and affirms the Commissioner's decision.

### A.  The ALJ Adequately Developed the Record

Plaintiff argues that ALJ Dunn failed to adequately develop the record and thus had no adequate basis to quantify the degree of Plaintiff's physical limitations.  (*Id.* at 9-10).  According to Plaintiff, the record was incomplete because Dr. Justin Fernando ("Dr. Fernando"), the consultative physician hired by the Social Security Administration, produced no functional assessment of Plaintiff's capabilities and limitations.  (*Id.* at 10-11).  Specifically, Plaintiff alleges that "Dr. Fernando offered no opinion with regard to Ms. Crocker's capacity to sit, stand, walk, lift, carry, push and pull."  (*Id.* at 11).  And because the record was allegedly incomplete, ALJ Dunn was "left to perform a lay analysis of what she believed the medical evidence allowed or precluded."  (*Id.*).  Plaintiff's argument fails for multiple reasons.

8

Generally, "the decision to order a consultative examination is within the sound discretion of the ALJ." *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002). Although an ALJ has a duty to "develop a full and fair record in social security cases," *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995), the ALJ need not search for all relevant evidence available "because such a requirement would shift the burden of proof." *Lynn v. Comm'r of Soc. Sec.*, No. 12-1200, 2013 WL 3854460, at *15 (W.D. Pa. July 24, 2013). Moreover, where a claimant is represented by counsel before the ALJ, an ALJ's "passivity in developing the record will only be sufficient for remand or reversal when it has clearly prejudiced the claimant." *Cartagena v. Comm'r of Soc. Sec.*, No. 10-05712, 2012 WL 1161554, at *4 (D.N.J. Apr. 9, 2012).

Here, Plaintiff contends that the absence of a functional assessment from Dr. Fernando concerning Plaintiff's work-related abilities renders the report incomplete. (Pl. Mov. Br. at 9-11). Such absence, however, is not fatal to the ALJ's decision. Indeed, (as Defendant aptly notes) the law is clear: Although a consultative report should include the medical source's opinion about the claimant's ability, despite impairments, "to do work-related activities, such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, and traveling, . . . the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6); *see also* Def. Opp. Br. at 13. The record here therefore is not rendered incomplete because it fails to include Dr. Fernando's specific guidance regarding Plaintiff's limitations. *See, e.g.*, *Stolte v. Astrue*, No. 09-4741, 2010 WL 3283523, at *12 (D.N.J. Aug. 18, 2010) (citing 20 C.F.R. § 404.1519n(c)(6) and rejecting the argument that in order to be relied upon as evidence by an ALJ, the physician's report must include findings regarding the claimant's ability to work).

Moreover, the Court is unpersuaded by Plaintiff's claim that because the record was allegedly incomplete, ALJ Dunn was "left to perform a lay analysis of what she believed the medical evidence allowed or precluded." (Pl. Mov. Br. at 11). Plaintiff's claim ignores entirely the ALJ's reliance on the opinions of two state agency physicians—Dr. Arthur Pirone and Dr. Harvey Yeager.[2] (*See* Tr. at 18) ("In sum, the above residual capacity assessment is supported by the objective medical evidence and the opinions of the state agency consultants (Exhibits 2A, 4A, 6A, 8A)."). On March 13, 2013, for example, Dr. Pirone reviewed Plaintiff's medical evidence—including Dr. Fernando's February 2013 examination report—and concluded that Plaintiff was capable of (i) lifting twenty pounds occasionally; (ii) lifting ten pounds frequently; (iii) standing or walking for four hours; and (iv) sitting for six hours during an eight-hour workday. (*Id.* at 18; 58-66; 68-76) (cited by ALJ Dunn as Exhibits 2A and 4A). And upon reconsideration on May 16, 2013, Dr. Yeager affirmed Dr. Pirone's findings. (*Id.* at 18; 78-85; 87-94) (cited by ALJ Dunn as Exhibits 6A and 8A). Accordingly, the Court finds that, contrary to Plaintiff's allegations, the ALJ's decision is supported by substantial evidence in the record.

Finally, Plaintiff alleges that "[w]hat little Dr. Fernando did state in his report only further supports Ms. Crocker's allegations," because Dr. Fernando noted that "she cannot bend her left knee or stand on it for any length of time without having to go through a great deal of pain." (Pl. Reply. Br. at 2). Plaintiff's allegations are dubious, however, because Dr. Fernando also noted (among other things) that Plaintiff (i) remained able to walk with only a slight limp; (ii) had full range of motion in her cervical and lumbar spines; and (iii) lacked any evidence of disuse atrophy in her left leg. (Tr. at 17). Moreover, the ALJ—not the examining physician—must "make the

---

[2] State agency physician opinions "merit significant consideration." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *see also* 20 C.F.R. §§ 404.1527(f)(2)(I), 416.927(f)(2)(I) (providing that state agency physicians and psychologists are "highly qualified" and "experts in the evaluation of disability issues" under the Act).

10

ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Here, ALJ Dunn weighed all of the "objective medical evidence and the claimant's testimony" before concluding that Plaintiff retained the RFC to perform sedentary work. (Tr. at 15-18). For these reasons, the Court finds no deficiency in the ALJ's development or evaluation of Plaintiff's medical record.[3] To the contrary, the Court finds that the ALJ's decision is supported by substantial evidence.

### B. The ALJ's Credibility Determination Is Supported by Substantial Evidence

Plaintiff contends that, in assessing Plaintiff's credibility, the ALJ disregarded medical evidence supporting Plaintiff's subjective complaints and failed to consider Plaintiff's nearly forty-year work record. (Pl. Mov. Br. at 12-15). The Court is unpersuaded by Plaintiff's contentions.

"Credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make." *Malloy v. Comm'r of Soc. Sec.,* 306 F. App'x 761, 765 (3d Cir. 2009). The ALJ therefore has discretion to evaluate Plaintiff's credibility and render an independent judgment in light of the medical findings and other evidence regarding the true extent of the alleged symptoms. *Id.* Generally, an ALJ must assign "great weight" to a claimant's subjective complaints when they are corroborated by objective medical evidence. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999). The Third Circuit has advised that an ALJ's credibility determination warrants deference "because [the ALJ] has the opportunity

---

[3] Plaintiff also argues—for the first time on appeal—that the record was improperly developed because the ALJ failed to ensure the inclusion of a "consultative psychiatric opinion." (Pl. Mov. Br. at 1). Issues raised for the first time on appeal, however, are waived (absent exceptional circumstances). *United States v. Lockett*, 406 F.3d 207, 212 (3d Cir. 2005) ("It is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review . . . absent exceptional circumstances."); *see also Martelli v. Colts Neck Golf & Country Club*, No. 14-8101, 2015 WL 5032621, at *8 (D.N.J. Aug. 25, 2015) (declining to consider issue raised for the first time on appeal). As Defendant notes, Plaintiff did not request a consultative psychiatric examination and failed to "allege psychiatric issues as part of her disability claim." (Def. Opp. Br. at 11 n.3). And Plaintiff does not identify any exceptional circumstances that warrant review of an issue first raised before this Court. As a result, Plaintiff's claim of deficiency in the record for failure to include a consultative psychiatric opinion is deemed waived.

at a hearing to assess a witness's demeanor." *Coleman v. Comm'r of Soc. Sec.*, 494 F. App'x 252, 254 (3d Cir. 2012).

The Court finds that the ALJ's credibility determination of Plaintiff's subjective complaints is supported by substantial evidence. ALJ Dunn properly noted that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, [the ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." (Tr. at 15). Although Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms, the ALJ determined that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" partly because (i) the objective medical findings do not support the extent of the limitations alleged by Plaintiff; (ii) "despite having lumbar herniation, lumbar degenerative disc disease, lumbar radiculopathy, osteoarthritis (left knee), degenerative joint disease (left knee) and obesity, [Plaintiff] has only received minimal, intermittent care, takes only over-the-counter medications and remains able to walk without an assistive device"; (iii) Plaintiff "received nerve blocks in April and June 2009 and reported great improvement with her pain"; (iv) while Plaintiff had some complaints of left knee pain, "in June 2009 she had no evidence of swelling and negative anterior drawer sign"; (v) despite positive tenderness and crepitus, "she had 5/5 motor strength bilaterally in the lower as well as upper extremities"; (vi) her last chiropractic visit in December 2011 noted that she "demonstrated good tolerance to tasks" and "had made progress with regards to strengthening, stabilization and range of motion." (*Id.* at 15-17).

In evaluating the credibility of Plaintiff's subjective complaints, the ALJ also discussed Dr. Fernando's examination findings and noted, among other things, that Plaintiff (i) remained able to

walk without an assistive device and had only a minimal limp despite her inability to stand on or bend her left knee; (ii) "was able to walk on her heels and toes and had a normal station"; (iii) "had full range of motion of the cervical and lumbar spines"; (iv) had "a normal examination of the upper extremities, with hand and finger dexterity intact bilaterally and normal grip and pinch strength"; (v) "had normal morphology of the fingers and the hands in general"; and (vi) had "full range of motion" in the "joints in the upper extremities, shoulders, elbows, forearms, wrists and fingers." (*Id.* at 17). As to Plaintiff's September 2013 knee surgery, the ALJ explained that the "most recent treatment notes from November 2013 indicate [Plaintiff] was finishing up physical therapy and was very happy with the surgery. She had full range of motion of the left knee and only mild crepitus." (*Id.*).

Furthermore, the ALJ considered Plaintiff's daily activities in assessing her credibility, noting that Plaintiff (i) "was able to care for her own personal hygiene;" (ii) "prepares her own meals"; (iii) performs household tasks, such as vacuuming, laundry and ironing; (iv) is able to drive a car and can go out alone; (v) "shops in store and by computer"; (vi) uses the computer daily; (vii) "reported no problems paying attention"; and (viii) "can follow written instructions very well." (*Id.* at 17-18).

As to Plaintiff's argument that the ALJ failed to consider Plaintiff's nearly forty-year work record when assessing her credibility, Plaintiff is correct that the testimony of a claimant with a good work record is entitled to "substantial credibility." (Pl. Mov. Br. at 12-15) (citing *Taybron v. Harris*, 667 F.2d 412, 415 (3d Cir. 1981) and *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3rd Cir. 1979)). But "such testimony nonetheless must be 'supported by competent medical evidence.'" *McLaughlin v. Comm'r of Soc. Sec.*, No. 13-06948, 2014 WL 6886039, at *12 (D.N.J. Dec. 3, 2014) (citing *Dobrowolsky*, 606 F.2d at 409). And work history is only one of many factors

13

the ALJ may consider in assessing a claimant's subjective complaints. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ did not explicitly discuss Plaintiff's alleged forty-year work record. But she did note Plaintiff's "past relevant work as a data entry clerk" and explained (as indicated at length above) her reasons for determining that Plaintiff's subjective complaints were belied by other evidence in the record, including medical evidence and evidence of Plaintiff's daily activities. (Tr. at 15-19). The ALJ's finding is consistent with Third Circuit law that an ALJ is not required to credit a claimant's subjective complaints if they are undermined by competent medical evidence or evidence of a more active lifestyle. *See Sanborn v. Comm'r of Soc. Sec.*, 613 F. App'x 171, 177 (3d Cir. 2015); *Dobrowolsky*, 606 F.2d at 409.

Accordingly, the Court finds that ALJ Dunn's credibility determination of Plaintiff's subjective complaints is based on a broad view of the record and is supported by substantial evidence regardless of whether the ALJ explicitly considered Plaintiff's employment history.

## V.  CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision and DENIES Plaintiff's appeal. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**